## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| CHARLENE E. TOXEN,<br><br>       Plaintiff,<br><br>v.<br><br>MANN BRACKEN, LLC and<br>MIDLAND FUNDING, LLC,<br><br>       Defendants. | Civil Action File No:  3:00-cv-103 (CDL)<br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## COMPLAINT

Plaintiff CHARLENE E. TOXEN, by and through counsel, brings this action against

Defendant MANN BRACKEN, LLC ("Mann Bracken") and MIDLAND

FUNDING, LLC ("Midland") on the grounds set forth herein.

## I. INTRODUCTION

1.    This is an action against both defendants for actual damages, statutory

damages, attorney's fees and costs of this action brought pursuant to the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* and,

additionally, against Defendant Midland for damages, attorney's fees and

costs of this action pursuant to Georgia's Fair Business Practices Act

("FBPA"), O.C.G.A. § 10-1-391 *et seq.*

## II. PARTIES

*Plaintiff*

2.  Plaintiff is a natural person who resides in the County of Walton, State of Georgia.

3.  Plaintiff is a "consumer" as that term is defined by the FDCPA.  15 U.S.C. § 1692a(3).

*Defendant Mann Bracken*

4.  Defendant Mann Bracken is a Georgia limited liability company organized under the laws of Georgia.

5.  Defendant Mann Bracken's registered agent is James D. Branton.

6.  The registered office for Defendant Mann Bracken's registered agent is 2700 Paces Ferry Road, #1-1400, Atlanta, Cobb County, Georgia  30339.

7.  Defendant Mann Bracken 's registered agent may be served with legal process at the aforesaid address.

8.  Defendant Mann Bracken is engaged in the collection of debt from consumers using the mail and telephone.

9.  Defendant Mann Bracken is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

*Defendant Midland*

10.   Defendant Midland is a Delaware limited liability company.

11.   Defendant Midland's registered agent is Corporation Service Company.

12.   The registered office for Defendant Midland's registered agent is 2711 Centerville Road, Suite 400, Wilmington, New Castle County, Delaware 19808.

13.   Defendant Midland is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

### III. JURISDICTION

14.   Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

15.   Venue is proper in this District in that Defendants conduct collection activities within the District and Plaintiff resides here.

### IV. STATUTORY STRUCTURE

*FDCPA*

16.   The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

17. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

18. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

19. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

20. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; and attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

### *GEORGIA'S FAIR BUSINESS PRACTICES ACT*

21.    The purpose of the FBPA is "to protect consumers and legitimate business

enterprises from unfair or deceptive practices in the conduct of any trade or

commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

22.    A violation of the FDCPA also constitutes a violation of the FBPA. 1st

Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654

S.E.2d 428 (2007).

## V.  FACTUAL ALLEGATIONS

23.    Plaintiff became delinquent on a consumer debt that was subsequently sold

to or assigned to Defendant Midland.

24.    Midland Funding hired Defendant Mann Bracken to collect on the debt.

25.    At all relevant times, Defendant Midland was acting by and through its

agents, servants and/or employees, including but not limited to Defendant

Mann Bracken, who were acting within the course and scope of their agency

or employment, and under the direct supervision and control of Defendant

Midland.

26.    At all relevant times, Defendant Mann Bracken was engaged in the

collection of a consumer debt allegedly owed by Plaintiff to Midland.

27. In the summer of 2008, Defendant Mann Bracken made a collection phone call to Plaintiff.

28. Defendant Mann Bracken failed to send Plaintiff a notice within five days of contacting Plaintiff informing Plaintiff of Plaintiff's right to dispute the alleged debt.

29. Plaintiff and Defendant Mann Bracken entered into an agreement in August 2008 to have payments of $350 per month electronically withdrawn from Plaintiff's checking account on the 30th day of each month until the balance on the alleged debt was paid in full.

30. In exchange for the monthly payments from Plaintiff's account, Defendant Mann Bracken agreed that it would not file suit against Plaintiff.

31. Defendant Mann Bracken electronically withdrew the first payment of $350.00 on August 30, 2008.

32. On or about September 4, 2009, Defendant Mann Bracken filed a collection lawsuit against Plaintiff in the Magistrate Court of Walton County, Georgia, Case No. 08-2841CS (the "Lawsuit").

33. A true and correct copy of the Lawsuit is attached hereto as Exhibit "A."

34. On or about September 24, 2008, Defendant Mann Bracken mailed Plaintiff a letter informing Plaintiff that it would process a payment in the amount of $350.00 on September 30, 2008.

35. On or about September 29, 2008, Defendant Mann Bracken attempted to electronically withdraw $350.00 from Plaintiff's checking account.

36. Defendant Mann Bracken breached the parties' agreement by attempting to electronically withdraw $350.00 from Plaintiff's checking account on September 29, 2008.

37. As a result of Defendant Mann Bracken's actions, Plaintiff incurred a service charge from Plaintiff's bank for insufficient funds.

38. If Defendant Mann Bracken had waited until September 30, 2008, to process the payment, adequate funds would have been available to allow for the $350.00 payment.

39. Defendant Mann Bracken subsequently informed Plaintiff that Defendant Mann Bracken would no longer accept or process electronic payments from Plaintiff, and that Plaintiff's future payments would need to be made by money orders.

40.     On or about October 24, 2008, Plaintiff called Defendant Mann Bracken and

        confirmed with Defendant Mann Bracken that Defendant Mann Bracken

        would not electronically debit Plaintiff's checking account.

41.     On or about October 24, 2008, Plaintiff informed Defendant Mann Bracken

        in a telephone conversation that Plaintiff would mail Defendant Mann

        Bracken a money order in the amount of $350.00 on October 28, 2008.

42.     On or about October 28, 2008, Plaintiff mailed a money order in the amount

        of $350.00 to Defendant Mann Bracken for the payment due on October 30,

        2008.

43.     Defendant Mann Bracken received said payment.

44.     On or about October 31, 2008, Defendant Mann Bracken attempted to

        electronically withdraw $350.00 from Plaintiff's checking account for the

        payment due on October 30, 2008.

45.     As a result of Defendant Mann Bracken's actions, Plaintiff incurred a

        service charge of $35.00 from Plaintiff's bank for insufficient funds.

46.     Defendant Mann Bracken has failed and refused to reimburse Plaintiff for

        the service charge Plaintiff incurred as a result of Defendant Mann

        Bracken's attempt to make an electronic withdrawal from Plaintiff's

        checking account of October 31, 2008.

47. On or about October 31, 2008, Defendant Mann Bracken mailed Plaintiff a letter claiming that Plaintiff was indebted to Defendant Midland in the amount of $4,672.92.

48. On or about October 31, 2008, Plaintiff was not indebted to Defendant Midland in the amount of $4,672.92.

49. Defendant Mann Bracken's employee acknowledged to Plaintiff in a telephone conversation that the amount of debt claimed in the aforesaid October 31, 2008, letter was incorrect.

50. Defendant Mann Bracken's employee told Plaintiff that the correct balance should have been listed as $2,587.92 in Defendant Mann Bracken's letter to Plaintiff of October 31, 2008.

51. On or about November 19, 2008, an employee of Defendant Mann Bracken who identified herself as Patience Williams called Plaintiff and harassed Plaintiff about the electronic payments Defendant Mann Bracken attempted to process on or about September 30, 2008, and on or about October 31, 2008.

52. Plaintiff was connected with an an employee of Defendant Mann Bracken who identified herself as Ms. Magby.

53.  Ms. Magby threatened to place a lien of Plaintiff's home and told Plaintiff that a lien would prevent Plaintiff from selling Plaintiff's home or buying property in the future.

54.  On or about November 19, 2008, Plaintiff's husband called Defendant Mann Bracken and told Ms. Magby of Defendant Mann Bracken that Defendant Mann Bracken's conduct was going to give Plaintiff a heart attack.

55.  Defendant Mann Bracken's employee threatened Plaintiff's husband that Defendant Mann Bracken would place a lien on the home of Plaintiff and Plaintiff's husband.

56.  On or about November 20, 2008, Plaintiff went to Plaintiff's doctor's office.

57.  Plaintiff's blood pressure was so high when Plaintiff visited the doctor that the doctor administered medicine in the doctor's office to bring down Plaintiff's blood pressure.

58.  Defendant Mann Bracken knew of should have known that its actions violated the FDCPA.

59.  At all times pertinent hereto, the conduct of Defendant Mann Bracken was intentional, willful, reckless, negligent and in disregard for federal and state law, and the rights of Plaintiff.

60. Plaintiff has suffered actual damages as a result of Defendant Mann Bracken's illegal collection actions in the form of emotional distress, including but not limited to anger, anxiety, humiliation, sleeplessness, embarrassment, stress, fear, frustration, and worry.

61. Plaintiff has suffered actual damages as a result of Defendant Mann Bracken's illegal collection actions in the form of service charges imposed by Plaintiff's bank.

62. Defendant Midland is liable for the damages caused by it's agent, Defendant Mann Bracken.

## CAUSES OF ACTION

## COUNT ONE:  DEFENDANTS' VIOLATIONS OF THE FDCPA

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The conduct of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to provisions cited herein.

65. Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abusive Plaintiff, in violation of 15 U.S.C. § 1692d.

66. Defendants made false, deceptive and misleading representations in connection with collecting a debt, in violation of 15 U.S.C. § 1692e.

67. Defendants misrepresented the character or amount of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

68. Defendants threatened to take action that it could not legally take or did not intend to take, in violation of 15 U.S.C. § 1692e(5).

69. Defendants engaged in unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

70. Defendants failed to send Plaintiff a 30-day validation notice within five days of Defendants' initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g.

71. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages, actual damages, and reasonable attorney's fees and costs.

**COUNT TWO: DEFENDANT MIDLAND'S VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT**

72. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

74. A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007).

75. Defendant Midland violated the FBPA.

76. Pursuant to the FBPA, Defendant Midland Funding is liable to Plaintiff for an award of three times Plaintiff's damages.

77. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorneys' fees and expenses of litigation.

## TRIAL BY JURY

78. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Mann Bracken:

- for an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages pursuant to the FDCPA;

- for an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and the FBPA; and

- for such other and further relief as may be just and proper; and

against Defendant Midland Funding:

- for an award of statutory damages in the amount of $1,000.00 pursuant to

    15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages pursuant to the FDCPA;

- for an award of treble damages pursuant to the FBPA;

- for an award of costs of litigation and reasonable attorneys' fees pursuant

    to 15 U.S.C. § 1692k(a)(3) and the FBPA; and

- for such other and further relief as may be just and proper

Respectfully submitted,

Dated: August 11, 2009

By: **s/Steven H. Koval**
Attorney for Plaintiff
The Koval Firm
Georgia Bar No: 428905
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail: SHKoval@aol.com